IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                   Case No. 1:22-CR-00710-MLG

BUDDY EUGENE GALLEGOS,

    Defendant.

### ORDER REGARDING MOTION FOR *LAFLER/FRYE* HEARING

**THIS MATTER** came before the Court on the United States' Unopposed Motion for Pretrial Hearing Pursuant to *Lafler/Frye*, filed April 21, 2023. Doc. 54. Judge Matthew L. Garcia granted the motion for a hearing and referred the matter to me pursuant to Fed. R. Crim P. 59(a) to conduct the hearing. *See* Doc. 55 at 1. He further ordered me to "make the prosecution's plea offer a sealed exhibit at the hearing and verify that Defendant and defense counsel discussed the terms of the offer before rejecting the United States' proposed resolution." *Id.* at 1–2. The Court held a hearing on the motion on April 28, 2023. Doc. 57. AUSA Samuel Hurtado appeared on behalf of the United States. Adrian Gandara appeared on behalf of Defendant Buddy Eugene Gallegos, who was personally present.

Based on the representations of counsel and the testimony of Mr. Gallegos, the Court finds the following facts:

On May 3, 2022, the Mr. Hurtado sent an email to Irma Rivas, Mr. Gallegos' prior counsel, extending a plea offer to Mr. Gallegos; the proposed plea agreement was attached to the email. *See* Docs. 57-1,[1] 57-2. Shortly after receiving the email, Ms. Rivas met with Mr.

---

[1] The copies of the emails that Mr. Hurtado brought to the hearing were of poor quality. After

Gallegos in person at the Cibola County Detention Center (CCDC). She did not bring the proposed plea agreement with her, but she did discuss the material terms of the agreement with Mr. Gallegos. Mr. Gallegos confirmed that the proposed plea agreement attached to the clerk's minutes as a sealed exhibit and sent to Ms. Rivas on May 3, 2022, was the plea offer that the two of them discussed. After discussing the plea offer with Ms. Rivas, Mr. Gallegos decided to reject the plea offer and wait, hoping to get a better plea offer.

On October 18, 2022, Mr. Hurtado emailed a proposed plea agreement to Erlinda Johnson, Mr. Gallegos' current attorney. *See* Docs. 57-3, 57-4. Shortly thereafter, Ms. Johnson met with Mr. Gallegos in person at the CCDC and went over the proposed plea agreement. After discussing the plea offer with Ms. Johnson, Mr. Gallegos decided to reject the plea offer. Mr. Gallegos confirmed that the proposed plea agreement attached to the clerk's minutes as a sealed exhibit and sent to Ms. Johnson on October 18, 2022, was the plea offer the two of them discussed.

On March 2, 2023, Mr. Hurtado emailed a proposed plea agreement to Ms. Johnson in response to a counteroffer that Ms. Johnson had proposed. *See* Docs. 57-5, 57-6. Shortly after receiving the proposed plea agreement, Ms. Johnson met with Mr. Gallegos in person at the CCDC to discuss the proposed plea agreement. After discussing the plea offer with Ms. Johnson, Mr. Gallego decided to reject the plea offer. Mr. Gallegos confirmed that the proposed plea agreement attached to the clerk's minutes as a sealed exhibit and sent to Ms. Johnson on March 2, 2023, was the plea offer that they discussed.

On April 10, 2023, Mr. Hurtado emailed a fourth proposed plea agreement to Ms. Johnson. *See* Docs. 57-7, 57-8. Shortly after receiving the proposed plea agreement, Ms.

---

the hearing, Mr. Hurtado forwarded the same emails to the courtroom deputy so that better quality copies could be attached as sealed exhibits to the minutes.

Johnson and Mr. Gallegos discussed the plea offer over the telephone. After discussing the pros and cons of accepting or rejecting the proposed plea deal with Ms. Johnson, Mr. Gallegos again decided to reject the plea offer. Mr. Gallegos confirmed that the proposed plea agreement attached to the clerk's minutes as a sealed exhibit and sent to Ms. Johnson on April 10, 2023, was the plea offer that he discussed with Ms. Johnson and rejected.

Mr. Gallegos confirmed that after receiving each plea offer from the government, he discussed the offer with his attorney and decided to reject each offer. Each time, his attorney explained the offer to him, and he had an opportunity to ask his attorney any questions. Mr. Gallegos understood each offer and decided to reject each offer after discussing the offer with his attorney. Mr. Gallegos understood that it was solely his decision whether to accept or reject each plea offer. He was not threatened or forced in any way to reject the plea offers. He understood that rejecting the government's plea offers meant that his case likely would be tried before a jury, and that if he was convicted, he could not then change his mind and accept one of the government's plea offers. He also understood that if he was convicted, he might receive a sentence that is harsher than the sentence he would have received had he accepted one of the government's plea offers.

Mr. Gandara stated that before the *Lafler/Frye* hearing, he went over each of the government's four plea offers and the proposed plea agreements with Mr. Gallegos to make sure he understood each of them. Mr. Gallegos stated he understood each of the plea offers and confirmed that he did not want to accept any of them.

After considering all the information and evidence presented at the hearing, the Court is convinced that Mr. Gallegos received each of the government's four plea offers, understood their terms and effects, independently and voluntarily rejected each offer after consulting with

competent counsel, and understood that rejecting each offer likely would result in a jury trial.

**IT IS THEREFORE ORDERED** that the United States' Motion for *Lafler/Frye* Hearing is **GRANTED** to the extent that the Court held the hearing. The Court finds that the United States extended a formal plea offer to Mr. Gallegos on four different occasions between May 3, 2022, and April 10, 2023, in the form of a proposed plea agreement, that each offer was conveyed and explained to Mr. Gallegos in a timely manner, and, after consulting with his attorneys, Mr. Gallegos knowingly and voluntarily rejected each plea offer.

_____
**LAURA FASHING**
**U.S. MAGISTRATE JUDGE**