IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Case No. 1:22-cr-00710-MLG

BUDDY GALLEGOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 13, 2022, Drug Enforcement Administration ("DEA") agents executed a search warrant at Defendant Buddy Gallegos's home. Doc. 77 at 38:1-17. Within the home, its garage, and Gallegos's work truck, agents found methamphetamine, cocaine, fentanyl, and firearms. *Id.* at 44:2-21, 61:23-62:1-8. Gallegos was charged on a five-count indictment with: 1) possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A); 2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); 3) possession with intent to distribute fentanyl in violation of §§ 841(a)(1), (b)(1)(C); 4) felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924; and 5) using and carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 61 ("Superseding Indictment").

Gallegos has now filed two motions: 1) Motion for Severance of Counts, filed September 15, 2023, Doc. 80, and 2) Motion to Dismiss Count 5 of the Superseding Indictment as Duplicitous, filed September 15, 2023, Doc. 81. Having reviewed the parties' submissions and the applicable law, the Court declines to sever Count Four from the other counts and therefore denies the motion

1

to sever. The Court also grants the motion to dismiss and orders the United States to elect a single charge and supersede the indictment with its choice before the close of business on Friday, December 29, 2023.

## ANALYSIS

I. **Severance**

Federal Rule of Criminal Procedure 8(a) allows an indictment to charge a defendant with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." But, if the consolidated charges "appear[] to prejudice a defendant or the government," the court may try the counts separately. Fed. R. Crim. P. 14(a). The decision to sever is left to the district court's discretion, and other remedies, such as limiting instructions, may be employed in place of severance to ameliorate any prejudice. *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009).

Gallegos does not argue that the counts in the Superseding Indictment were improperly joined. *See generally* Docs. 80, 84. Rather, he argues that the Court should exercise its discretion and sever Count Four, the felon in possession charge. This is because prosecution of that count will require discussion of his criminal history and thereby prejudice the jury against him. *See* Doc. 80 at 3-4; Doc. 84 at 6-9. The United States responds that holding separate trials would be repetitive due to the overlap of evidence on the different counts and that to the extent Count Four might cause "potential or perceived prejudice," it does not oppose a limiting instruction. Doc. 82 at 5.

Gallegos is not the first defendant in this district to raise concerns about a felon in possession charge tainting the jury's decision on other offenses. For example, in *United States v.*

*Mazon*, No. 1:18-cr-2208, 2020 WL 1450566 (D.N.M. Mar. 25, 2020) (Herrera, J.), the court addressed similar circumstances to those at hand: a defendant was charged with both drug crimes and being a felon in possession of a firearm, and he sought to sever the felon in possession charge due to its potentially prejudicial effect in bringing his criminal history to the jury's attention. He, like Gallegos, chose to put the Government to its burden in proving his awareness of the previous felony under *Rehaif v. United States*, and therefore did not stipulate to his history as a felon or knowledge thereof. *Id.* at *3 (citing 139 S. Ct. 2191, 2200 (2019)); *see also* Doc. 80 at 4-5 (making a similar argument). The court found that "all three counts against Defendant arise from a single traffic stop and therefore are based on the same act or transaction." *Mazon*, 2020 WL 1450566, at *4. Additionally, it found possession of a gun "relevant to the intent element in a drug distribution case because possession of a firearm is seen as a tool of the drug trade." *Id.* (internal quotation marks omitted). And "[b]ased on the briefs, the Government [did] not appear to be attempting to strengthen a weak case by joining it with a strong case, or joining counts that are random or fortuitous." *Id.* Those facts, alongside the potential aid of a limiting instruction to the jury and the overlap of witnesses and evidence for counts all arising out of the same traffic stop, were sufficient for the court to deny the motion to sever. *Id.* at *5.

This Court finds the reasoning in *Mazon* persuasive.[1] All counts against Gallegos arise from a single search of his home where both drugs and firearms were found. Because the same

---

[1] Numerous other courts have come to the same conclusion when considering analogous facts. *See United States v. Gonzales*, Case No. 1:19-CR-00240, 2020 WL 6743081, at *2-4 (D.N.M. Nov. 17, 2020) (Riggs, J.) (finding efficiency interest outweighed any slight prejudice to defendant and limiting instructions would ameliorate lingering prejudice); *United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (district court did not abuse its discretion by denying a motion to sever a felon in possession count from robbery charges when the charges were related); *United States v. Tucker*, 502 F. App'x 720, 724-25 (10th Cir. 2012) (evidence of firearm would be relevant to drug distribution charge because firearms aid in drug distribution); *see also United States v. Martinez*,

search led to the discovery of both types of evidence, there will likely be significant overlap in witness testimony, leading to duplicative trials if the felon-in-possession count is severed. *See Tucker*, 502 F. App'x at 725 ("And precisely because evidence relating to the firearm and ammunition counts would have been present in any event in the trial of the drug-related counts, there were significant efficiency gains from trying the firearm and ammunition counts along with the drug-related counts."). Additionally, the evidence—because it is largely the same for both charges—appears to lend equal strength to each count, thereby mitigating concerns about guilt on one count coloring the jury's impression of guilt on a less-supported count. Finally, the firearm possession is potentially relevant to Gallegos's drug distribution charges due to the nature of firearms as "tools of the trade" for drug distributors. *See Mazon*, 2020 WL 1450566, at *4.

For the above reasons, the Court therefore exercises its discretion to deny severance. Gallegos may request a limiting instruction for the jury if he believes it is necessary.

## II.    Duplicity

"An indictment is duplicitous if it charges the defendant with two or more separate offenses in the same count." *United States v. Ibarra-Diaz*, 805 F.3d 908, 930 (10th Cir. 2015) (internal quotation marks omitted). Duplicity is problematic because it allows for the possibility that a jury may convict unanimously under that count despite failing to reach a unanimous verdict on either offense. *Id.* (citing *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011)). Gallegos raises the question of duplicity here because Count Five of the indictment charges him with knowingly using and carrying a firearm in furtherance of a drug trafficking crime, and it also alleges that he possessed a firearm in furtherance of the related drug charges. Doc. 61 at 4.

---

542 F. Supp. 3d 1170, 1215-16 (D.N.M. 2021) (collecting cases addressing cross-admissibility of evidence when dealing with severance of counts issue).

"Possession is not coextensive with either use or carry," *United States v. Brown*, 560 F.3d 754, 768 (8th Cir. 2009), so Gallegos argues the charge is duplicitous as it includes the separate offenses of 1) using or carrying a firearm and 2) possessing a firearm. Doc. 81 at 4. He points to the Sixth Circuit case *United States v. Combs*, 369 F.3d 925, 931 (6th Cir. 2004), which categorizes the two types of conduct within the statute as separate offenses. Doc. 81 at 3-4.

The United States concedes that the Sixth Circuit and the Eight Circuit have ruled consistently with Gallegos's position, but it points out that a circuit split exists: the Ninth Circuit has held that a single charge including both types of conduct is not duplicitous. Doc. 83 at 3 (citing *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006) (holding that a charge involving two separate acts does not necessarily establish two separate offenses, but rather two means of committing the same offense)). The United States favors the Ninth Circuit interpretation but urges the Court not to reach the issue. Rather, the United States seeks "to proceed to trial on one theory only: possession of a firearm in furtherance of a drug trafficking crime." *Id.* at 6.

In the absence of binding precedent,[2] and with the other circuits divided, the Court looks to decisions within this district. Two judges from this district have followed the Sixth and Eighth Circuits in finding duplicity when both types of prohibited conduct in 21 U.S.C. § 924(c) are listed in the same count. *See United States v. Martinez*, No. CR 18-100, 2019 WL 4261736, at *3-4 (D.N.M. Sept. 9, 2019) (Vázquez, J.) (dismissing the count as written and ordering the Government to "elect a specific charge" and "supersede the indictment immediately so that it is not duplicitous," *id.* at *4); *United States v. Gomez*, No. 1:20-cr-01775, 2022 WL 4458969, at *2-3 (D.N.M. Sept.

---

[2] The parties agree that the Tenth Circuit has not directly addressed this question. *See* Doc. 83 at 5; Doc. 85 at 2. The Tenth Circuit has held that the standards of proof for each of the two types of conduct criminalized in this statute are different. *United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001). However, the parties have not presented, and the Court has not found, any Tenth Circuit ruling on the duplicity question.

23, 2022) (Urias, J.) (dismissing the count as written without prejudice and declining to advise the Government about how to cure the deficiency). Another found that the circuit split was "immaterial" because the Government would only proceed on a single theory rather than arguing both prongs, so proper jury instructions would resolve the issue. *Mazon*, 2020 WL 1450566, at *2. The Court concurs with the reasoning in these opinions, which all grapple with the question of how to clarify potentially ambiguous language in the indictment and finds that the best course of action is to dismiss the count. The United States is ordered to supersede the indictment and identify the specific charge it intends to prosecute. The superseding indictment must be filed no later than the close of business on Friday, December 29, 2023.

## CONCLUSION

For the above reasons, the Court denies the motion to sever. Doc. 80. The Court grants the motion to dismiss, Doc. 81, and orders the United States to elect a specific charge and supersede the indictment by the close of business on Friday, December 29, 2023, so that it is not duplicitous.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA